LARRY J. BROWN # 100628

SAND RIDGE SECURE TREATMENT CENTER

P.O. BOX 800

MAUSTON, WISCONSIN

U.S.C.A. — 7th Circuit
RECEIVED

SEP 14 2020

UNITED STATES COURT OF APPEALS CLERK

FOR THE SEVENTH CIRCUIT

U.S. COURTHOUSE, ROOM #2722

219 S. DEARBORN STREET

CHICAGO, IL 60604-1702

SEPTEMBER 7, 2020

RE: LARRY BROWN V. DOUG BELLILE, etal.,

CASE NO. 20-CV-00337

WESTERN DISTRICT OF WISCONSIN

DEAR CLERK OF COURT FOR THE 7th CIRCUIT:

ENCLOSED FOR FILING IN THE ABOVE-ENTITLED CASE, PLEASE FIND PLAINTIFF—APPELLATE

BRIEF/MOTION TO APPEAL THE DISTRICT COURT ORDERS TO TREAT PLAINTIFF AS A "PRISONER"

AND NOT A "PATIENT."

NOTE: HERE AT SAND RIDGE, THIS ADMINISTRATION MAKES IT DIFFICULT TO FILE PRO SE IN COURT, WHICH IS A PART

OF THE ABOVE LAWSUIT, THIS IS WHY I AM NOT ABLE TO MAKE COPIES OF THE EXHIBITS. I PRAY THIS COURT WILL

MAKE COPY OF THIS SUBMISSION AND RETURN THEM TO THIS WRITER AND APPOINT COUNSEL TO HELP.

SINCERELY,
Larry J. Brown
LARRY J. BROWN

cc:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SEVENTH CIRCUIT

LARRY J. BROWN,

PLAINTIFF - APPELLATE,

V.                                          CASE NO. 20-CV-337

THE HONORABLE PETER OPPENEER, MAGISTRATE,

WESTERN DISTRICT OF WISCONSIN

120 NORTH HENRY STREET, ROOM #320

MADISON, WISCONSIN  53703

RESPONDENT, RESPONDENT,

APPEAL FROM THE WESTERN DISTRICT COURT LETTER DATED
AUGUST 17, 2020 AND ITS ATTACHMENT USED AS AUTHORITY,
COURT ORDER CASE NO. 13-CV-418-WMC, AND OTHER ORDERS
BY JUDGE OPPENEER DATED APRIL 9, 2020 AND APRIL 22, 2020

COMES NOW, PLAINTIFF-APPELLATE LARRY BROWN, MOVES THIS
CIRCUIT COURT SEVENTH CIRCUIT COURT OF APPEALS FOR AN ORDER TO STOP
THIS WISCONSIN COURT JUDGE FROM TREATING THIS "PATIENT" AS A
"PRISONER" FOR PURPOSES OF THE (PLRA).

## STANDARD OF REVIEW

GENERALLY, A LITIGANT SEEKING IFP STATUS ON APPEAL MUST

2

FIRST SEEK A RULING FROM THE DISTRICT COURT. FED. R. APP. P. 24 (a) (1). IF THE DISTRICT COURT DENIES THE MOTION AND DETERMINES THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, THEN THE LITIGANT MAY SEEK AN **IFP** DETERMINATION IN THIS COURT. 28 U.S.C. 1915 (a) (3); **COPPEDGE V. UNITED STATES**, 369 U.S. 438, 444-46, 82 S. CT. 917; 8 L. Ed. 2d 21 (1962); FED. R. APP. P. 24 (a) (3). WHEN PRESENTED WITH AN **IFP** MOTION IN CIVIL CASES, WE CONSIDER THE MERITS OF THE APPEAL, AND IF WE FIND THAT THE APPEAL IS FRIVOLOUS, WE DENY THE MOTION AND DISMISS THE APPEAL. SEE: 28 U.S.C. 1915 (e) (2), **NEITZKE V. WILLIAMS**, 490 U.S. 319, 325, 109 S. CT. 1827, 104 L. Ed 2d 338 (1989).

## STATEMENT AND BACKGROUND

ON APRIL 4, 2020, PLAINTIFF-APPELLATE BROWN FILED A CIVIL RIGHTS COMPLAINT IN THE WESTERN DISTRICT OF WISCONSIN FEDERAL COURT AND MADE CLEAR IN HIS 42 U.S.C. 1983 COMPLAINT THAT HE IS A "PATIENT" UNDER CHAPTER 51. 61 AND CHAPTER 980 WISCONSIN STATUTES AT SAND RIDGE SECURE TREATMENT CENTER. (CIVIL COMPLAINT 42 U.S.C. 1983 BROWN V. BELLILE, et al., CASE NO. 20-CV-337)

ON APRIL 9, 2020, THE COURT, JUDGE PETER OPPENEER, ISSUED AN ORDER THREATING TO DISMISS THIS ACTION IF I DID NOT VOLUNTARILY WITHDRAW THIS CASE FOR FAILURE TO PRODUCE A CERTIFIED COPY OF HIS RESIDENT ACCOUNT STATEMENT, AFTER CONCEDING THAT THIS PLAINTIFF ARE NOT SUBJECT TO THE 1996 PRISONER LITIGATION REFORM ACT. (PLRA). BUT THAT DUE TO THE COURT'S ONE METHOD FOR DETERMINING THE INDIGENT STATUS OF ALL INSTITUTIONAL-IZED PERSONS, HE WOULD VIOLATE PLAINTIFF RIGHTS OF **NOT** BEING A "PRISONER" IN VIOLATION OF **KOLOCOTRONIS V. MORGAN**, 247 F. 3d 726, 49 (8th CIR.

2001) ("INMATE AT MENTAL INSTITUTION, WHO WAS BEING HELD PURSUANT TO FINDING THAT HE WAS NOT GUILTY BY REASON OF INSANITY, WAS NOT PRISONER WITHIN THE MEANING OF PRISON LITIGATION REFORM ACT, SUBJECTING HIM TO INMATE - ACCOUNTING PROCEDURES OR THREE - STRIKES RULE; RATHER HE WAS A MENTAL PATIENT. FED. R. SERV. 3d (CALLAGHAN) 3 (8th CIR. 2001) . . . . PLAINTIFF IS A MENTAL PATIENT, NOT A CONVICT, ACCORDINGLY, THE ASSESSMENT OF FILING FEES. . . . . INMATE ACCOUNT ALL NEEDED TO BE RECONSIDERED.") [SEE EXHIBIT - A, COURT ORDER DATED APRIL 9, 2020 BY JUDGE OPPENEER]

ON APRIL 15, 2020, PLAINTIFF BROWN WROTE JUDGE OPPENEER IN CASE NO. 20-CV-337 BROWN V. BELLILE, et al., AND CORRECTED THE COURT THAT HE SEND THE COURT ANY ACCOUNT STATEMENT FOR THE PERIOD OF 10/19/2019 TO 4/9/2020, PLAINTIFF FURTHER CONFIRMED THAT HE IS NOT IN THE DOC AND SHOULD NOT BE SUBJECTED TO THE PLRA, THEN MOVED THE COURT TO PRODUCE FED. R. CIV. P. THAT REQUIRES AN 980 PATIENT TO SUBMIT THESE SAME PLRA DOCUMENTS AS IS REQUIRED UNDER PLRA. [SEE EXHIBIT - B, TWO PAGE LETTER FROM PLAINTIFF TO THE JUDGE DATED 4-15-2020]

PLAINTIFF BROWN RECEIVED A SECOND COURT ORDER FROM JUDGE OPPENEER DATED APRIL 22, 2020, ASKING FOR PARTIAL FILING FEE IN THIS PANDEMIC OF 24.95. ON APRIL 24, 2020, PLAINTIFF WROTE JUDGE OPPENEER AGAIN, AND EXPLAINED THAT HE SHOW CAUSE HE NO LONGER HAVE THE SUPPORT HE HAD WHEN HE FIRST COME HERE, THAT HE ONLY RECEIVE $14.15 EVERY 2 WEEKS, AND MUST PAY FOR EVERYTHING HERE, CLOTHES, SHOES, FOOD, CABLE ETC., AND AGAIN ASKED FOR CLARIFICATION AS TO HOW 980 PATIENTS FALL UNDER THE PLRA, THEN ASK FOR COUNSEL TO HELP HIM BECAUSE HE HAVE NOW BEEN DIAGNOSED WITH "ANTISOCIAL PERSONALITY DISORDER." [SEE

4

EXHIBIT-C, PLAINTIFF BROWN APRIL 24, 2020 TWO PAGE LETTER TO JUDGE OPPENEER] THE APRIL 22, 2020 COURT ORDER BY JUDGE OPPENEER HAVE BEEN MISPLACED BY PLAINTIFF, AND CANNOT BE FOUND AT THIS TIME AND THEREFORE IS NOT APART OF THESE EXHIBIT, HOPING THE COURT CAN GET THAT COURT ORDER FROM THE DISTRICT COURT.

ON APRIL 27, 2020, PLAINTIFF BROWN WROTE WHO HE THOUGHT WAS THE CHIEF JUDGE WILLIAM CONLEY, COMPLAINING ABOUT MAGISTRATE JUDGE PETER OPPENEER COURT ORDERS DATED APRIL 9, 2020 AND APRIL 22, 2020 IN THE MIDDLE OF A "PANDEMIC". FIRST, PLAINTIFF CONTENDS THAT HE IS NOT A "PRISONER", (RELEASED FROM PRISON 1-9-1983 TO 7-23-20 19) AND THAT HE IS A "PATIENT" UNDER DUAL STATUS OF CHAPTER 51, 61 (DHS) DEPARTMENT OF HEALTH SERVICES AND WISCONSIN STATUTE CHAPTER 980 AS OF JULY 23, 2019. THAT THIS PATIENT FILED A 53 PAGE CIVIL RIGHTS COMPLAINT AGAINST 8 DEFENDANTS SAND RIDGE SECURE TREATMENT CENTER STAFF UNDER THE EIGHTH (8th) OF DELIBERATE INDIFFERENCE. THAT PLAINTIFF FILED A "NONE-PRISONER WITHOUT PREPAYMENT. INSTEAD, JUDGE OPPENEER SENT A COURT ORDER DATED 4/22/2020 AND LIED, SAYING PLAINTIFF SENT A RESIDENT ACCOUNT STATEMENT FROM 10/9/2019 TO 4/9/2020. THIS IS FALSE, AND PLAINTIFF SEES NO PURPOSE FOR THIS UNTRUTH. FURTHER, PLAINTIFF ASKED JUDGE CONLEY TO PRODUCE THE FED.R.CIV.P. THAT REQUIRES A PATIENT TO BE TREATED THE SAME AS A PRISONER UNDER THE PLRA. PLAINTIFF FURTHER COMPLAINED THAT WHEN HE HAD SOMEONE TO MAKE OVER 500 COPIES OF HIS LAWSUIT FOR 8 DEFENDANTS TO BE SERVED IN THIS CASE, (NO ONE HAS BEEN SERVED) HIS SUPPORTERS HAD JOBS AND THERE WERE NO "CORONAVIRUS COVID 19," THAT EVERYONE HAD BEEN LAYED OFF, IN THE MEANTIME, PLAINTIFF SENT THE COURT $10.00 INITIAL PARTIAL PAYMENT. JUDGE WILLIAM CONLEY NEVER RESPONDED. (SEE EXHIBIT-D, 4/27/2020 TWO PAGE LETTER FROM PLAINTIFF TO JUDGE CONLEY, AND TWO 10.00 RECEIPT TO THE COURT)

5

ON AUGUST 4, 2020, PLAINTIFF WROTE JUDGE OPPENEER AND REMINDED HIM OF LETTERS DATED 4/15/2020, 4/24/2020, AND 4/27/2020 HE SENT HIM TO PROVIDE AUTHORITY THAT ALLOW HIM TO TREAT THIS PATIENT LIKE A "PRISONER" UNDER THE **PLRA**? INSPITE OF THE DECISION HELD IN CASE KOLOCOTRONIS V. MORGAN, 247 F. 3d 726. PLAINTIFF BROWN FURTHER STATED IN THE ABOVE LETTER THAT HE IS A "CIVIL DETAINEE", WHICH SIMPLY DOES NOT FALL UNDER 28 U.S.C, 1915 DEFINITION OF "PRISONER", BY WHICH STATUTE MEANS "INCARCERATED" FOR VIOLATION OF CRIMINAL LAW. . . . AND CIVIL DETENTION IS BY DEFINITION NON-PUNITIVE. **TROVILLE V. VENZ**, 303 F.3d 1256, 15 FLA. L. WEEKLY FED. C. 950 (11th CIR. 2002), THEN MADE CLEAR THAT PLAINTIFF WOULD PETITION THE 7th CIRCUIT ABOUT THIS MAGISTRATE MISCONDUCT, NOT ONLY BECAUSE HIS MOTIVE WAS TO "INTENTIONALLY" TREAT THIS PLAINTIFF LIKE A PRISONER, DUE TO HIS ONLY "METHOD" FOR DETERMINING "INDIGENT STATUS OF ALL INSTITUTIONALIZED PERSONS", DESPITE THE FACT PLAINTIFF IS NOT SUBJECT TO THE PLRA. (SEE EXHIBIT-A, COURT ORDER PAGE 1) PLAINTIFF ALSO COMPLAINED IN THIS LETTER THAT JUDGE OPPENEER IS RETALIATING AGAINST HIM DUE TO THOSE LETTERS HE SENT THIS JUDGE QUESTIONING HIS AUTHORITY, THIS IS WHY THE DEFENDANTS IN THIS CASE HAVE NOT BEEN SERVED. PLAINTIFF REQUESTED RESPECTFULLY THAT BECAUSE THIS IS A "MEDICAL HEALTH" CASE THAT THE DEFENDANTS BE SERVED IMMEDIATELY. THIS HAS NOT HAPPEN. (SEE EXHIBIT-E, A 2 PAGE LETTER FROM PLAINTIFF DATED 8/4/2020 TO JUDGE OPPENEER)

ON AUGUST 17, 2020, PLAINTIFF BROWN RECEIVED A LETTER FROM THE "OFFICE OF THE CLERK" UNNAMED, ATTEMPTING TO USE A "PRACTICE" NOT LAW TO APPLY 28 U.S.C, 1915 TO PERSONS IN A MENTAL HEALTH FACILITY, IS UNCONSCIONABLE. THE CLERK OFFICE FURTHER TRYS TO BAMBOOZLE THIS PLAINTIFF

IN BELIEVING THAT IT HAS SUCCESSFULLY GOT APPROVAL FROM THE SEVENTH CIRCUIT IN **LONGBEHN** V. **UNITED STATES**, 169 F. 3d 1082, 183-84 (7th Cir. 1999) TO APPLY THE **PLRA STANDARD** TO PATIENTS IN MENTAL HEALTH FACILITIES THAT WILL SUPERSEDE EXISTENT LAWS TO THE CONTRARY. THIS CLERK OFFICE AND JUDGE IS ATTEMPTING TO USE THE SEVENTH CIRCUIT COURT OF APPEALS ABOVE CASE TO ISSUE A FALSE NARRATIVE THAT BECAUSE THE CASE TALKED ABOUT MR. MICHAEL S. ZIEGLER IS A PRISONER, BUT IS A PATIENT HERE AT SAND RIDGE SECURE TREATMENT CENTER, DOES NOT GIVE JUDGE OPPENEER AUTHORITY TO VIOLATE THE LAW AND APPLY THE **PLRA STANDARDS** TO PATIENTS, TREATING US AS PRISONERS, **BY** FORCING US TO PROVIDE TRUST FUNDS ACCOUNT STATEMENTS, PARTIAL PREPAYMENTS, ETC... JUDGE OPPENEER INTERPRETATION OF **LONGBEHN**, IS MISSPLACED. (SEE EXHIBIT-F, 8/17/2020 LETTER FROM OFFICE OF THE CLERK AND COURT ORDER CASE NO. 13-CV-410 MICHAEL ZIEGLER V. DEBORAH McCULLOCH, etal., CITED AS AUTHORITY BY CLERK OFFICE)

ON AUGUST 20, 2020, PLAINTIFF RESPONDED TO THE DISTRICT COURT'S AUGUST 17, 2020 LETTER AND ATTACHMENT IN THIS TWO PAGE LETTER, WHERE **LONGBEHN**, TALKS ABOUT PLRA UNDER WRIT OF HABEAS CORPUS 2241, 2244, AND 2255, AND HAVE NOTHING TO DO WITH THE DISTRICT COURT HAVING AUTHORITY TO TREAT A "PATIENT" LIKE A "PRISONER" UNDER THE **PLRA STANDARD** AS THE DISTRICT COURT TRYS TO INTENTIONALLY GET THIS PLAINTIFF TO BELIEVE WHEN HE QUESTIONED ABOUT THESE COURTS ORDERS DATED 4/9/2020 AND 4/22/2020, THEN ASK THAT HIS CASE BE **SCREENED** AND SERVED UPON THE DEFENDANTS. CARNEY V. HUSTON, 33 F. 3d 893 (8th Cir. 1994); PORTER V. FOX, 99 F. 3d 271; BRYAN V. JOHNSON, 821 F. 2d 455, 89 ED. R. SERV. 3d (7th Cir. 1987). I NOW ASK FOR AN APPEAL FROM THE DISTRICT COURT ABUSE OF DISCRETION. (SEE EXHIBIT-G, PLAINTIFF 8/20/2020 LETTER TO JUDGE OPPENEER)

7

## COURT OF APPEAL FOR THE SEVENTH CIRCUIT
## HAS JURISDICTION UNDER 28 U.S.C. 1915(G)(3)

PLAINTIFF MOVED THE DISTRICT COURT JUDGE TO GIVE GUIDANCE AND CLARIFICATION IN LETTERS TO THE COURT DATED 4/15/2020, 4/27/2020, 8/4/2020, AND 8/20/2020 AS TO WHY HE CHOSEN TO TREAT CASE No. 20-CV-00337 LARRY BROWN V. DOUG BELLILE, etal., AS A PLAINTIFF OF "PRISONER" SO HE CAN USE THE 1996 PRISONER LITIGATION REFORM ACT (PLRA), THEN WENT OUT HIS WAY TO THREATENED ME OF DISMISSAL OF THIS CASE IF I DID NOT GIVE HIM PARTIAL FILING FEES, CERTIFIED SIX MONTH ACCOUNT STATEMENT, THEN TRYS TO FORCE ME TO VOLUNTARILY WITHDRAW THIS CASE. (SEE EXH-A) WHILE AT THE SAME TIME ASKING THAT I PAY 24.95 WHEN MY ACCOUNT STATEMENTS SHOWED NO MONEY DUE TO COVID-19 PANDEMIC BECAUSE MY FAMILY LOST THEIR JOBS AFTER THE PANDEMIC HIT THE U.S. IN MARCH. (SEE COURT ORDER DATED 4/22/2020 NOT INCLUDED HERE-MISPLACED) THE DISTRICT COURT HAVE FAILED TO CLARIFY IN ANY ORDER WHY IT CONSIDERS PLAINTIFF A "PRISONER" UNDER THE PLRA, EXCEPT THAT THE SEVENTH CIRCUIT CONCUR WITH ITS REASONING IN ZIEGLER, (SEE EXH-F)

I AM (PLAINTIFF) A CIVIL DETAINEE (A PATINET) UNDER THE 980 LAW OF SEXUALLY VIOLENT PERSON STATUTE. I HAVE COMMITTED NO CRIME. I AM CONFINED AT SAND RIDGE SECURE TREATMENT CENTER, AND THE PLRA DOES NOT APPLY TO ME. TROVILLE V. VENZ, 303 F. 3d 1256 (11th CIR. 2002); LAFONTANT V. INS, 328 U.S. APP. D.C. 359, 135 F. 3d 158, 165 (D.C. CIR. 1998); OJO V. INS, 106 F. 3d 680, 682 (5th CIR. 1997); GREIG V. GOORD, 169 F. 3d 165, 167 (2d CIR. 1999).

8

## PLAINTIFF BROWN IS INDIGENT AND
## CANNOT MAKE COPIES OF EXHIBITS

EACH EXHIBIT ENCLOSED ARE THE ORIGINAL BECAUSE I CANNOT AFFORD TO MAKE COPIES, SAND RIDE HAVE MADE IT VERY DIFFICULT FOR PATIENTS TO LITIGATE AGAINST THEM BY JACKING UP PRICES IN CARBON PAPER (3.00) AND COPIES (.15¢ TO .30¢), PLAINTIFF BROWN PRAY BEFORE THE UNITED STATES SEVENTH CIRCUIT COURT OF APPEALS FOR HELP. PLEASE MAKE COPIES OF THE EXHIBITS AND RETURN COPIES TO PLAINTIFF. PLAINTIFF IS AWARE THAT THAT IS NOT THIS COURT RESPONSIBILITY, BUT AS A COURTESY.

FURTHERMORE, IT IS CLEAR THAT THE DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN WANT THIS CASE DISMISSED PRIOR TO THE SERVICES PROCESS OF THE DEFENDANTS IN THIS CASE, WHICH IS WHY THEY HAVE NOT BEEN SERVED. CARNEY V. HOUSTON, 33 F. 3d 893 (8th CIR. 1994).

## RELIEF REQUESTED

**WHEREFORE**, PLAINTIFF-APPELLATE MOVES THE COURT OF APPEALS FOR AN ORDER FOR THE DISTRICT COURT TO **REVISIT** THE IN FORMA PAUPERS STATUS THAT TREATS THIS PATIENT AS A "PRISONER", THEN REVERSE HIS COURT ORDERS AND REIMBURSE HIM FOR COPIES, FILING FEES, AND SERVE THE DEFENDANTS WITH A COPY OF THE COMPLAINT, WHICH PLAINTIFF PROVIDED TO THE COURT FOR EACH DEFENDANT HIMSELF PRIOR TO COVID-19 PANDEMIC. PLAINTIFF-APPELLATE ASK THAT BECAUSE THIS IS A MEDICAL CASE AND THAT HIS HEALTH IS AT STAKE, THAT HE WILL BE PREJUDICED BY THE ABSENCE OF A LAWYER UNDER 1915 (e)(1) AND **JACKSON V. HEPP**, 558 FED. APPX. 689 (7th CIR.).

DATED THIS 7th DAY OF SEPTEMBER, 2020.

Larry J. Brown

LARRY J. BROWN

CC:
EXHIBITS-A-G
ENCLOSED

EXHIBIT~A   (MISSING COURT ORDER DATED 4/22/2020)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY J. BROWN,

     Plaintiff,

     v.

DOUG BELLILE, et al

     Defendants.

ORDER

Case No.  20-cv-337-wmc

---

Plaintiff Larry J. Brown a patient at Sand Ridge Secure Treatment Center in Mauston, WI has filed a proposed complaint under 42 U.S.C. § 1983, alleging constitutional rights violations.  Plaintiff requests leave to proceed without prepayment of the filing fee and has submitted a resident account statement for the period of October 9, 2019 to April 9, 2020.

This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prisoner Litigation Reform Act.  This method requires plaintiff to submit a certified copy of a resident account statement for the *entire* six-month period immediately preceding the filing of the complaint

A certified copy of plaintiff's resident account statement for the entire sixth-month period immediately preceding the filing of the complaint must be provided if plaintiff intends to pursue the request for leave to proceed without prepayment of the filing fee. Because plaintiff's complaint was submitted on April 9, 2020, the certified resident account statement should cover the period beginning approximately October 9, 2019 and ending

*EXH ~ A*

approximately April 9, 2020.  If plaintiff fails to submit the required statement within the

deadline set below, I will assume that plaintiff wishes to withdraw this action voluntarily.


ORDER

IT IS ORDERED that plaintiff Larry J. Brown may have until April 30, 2020 to

submit a certified copy of plaintiff's resident account statement for the period beginning

approximately October 9, 2019 and ending approximately April 9, 2020.  If, by April 30,

2020, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw

this action voluntarily.  In that event, the case will be closed without prejudice to plaintiff

filing this case at a later date.


Entered this 9th day of April, 2020.

BY THE COURT:


/s/
PETER OPPENEER
Magistrate Judge

*EXHIBIT-B*

Larry J. Brown   #100628
Sand Ridge Secure Treatment Center
1111 North Road/P.O. Box 800
Mauston, Wisconsin    53948-0800


The Honorable Peter Oppeneer
**Magistrate Judge**
Western District of Wisconsin
120 North Henry Street, Room 320
Madison, Wisconsin     53703


April 15, 2020


Re: Larry J. Brown, **PlaintiffVB**. Doug Bellile,etal,.
    **Defendants,** Case No. 20-cv-337


Dear Magistrate Oppeneer:
I am the Plaintiff in the above-entitled action and case number
and moves this court to correct the record in its **Order**   dated
April 9, 2020 in a number of ways.

**First,** if the court go back and check my submissions before the
court, it will notice that I never sent this court any account
statement for the period of October 9, 2019 to April 9, 2020.
That is not apart of any submission form this Plaintiff. Please
correct this .


**Second,** this plaintiff is not in the "DOC" and is not suppose to
be subjected to the the 1996 Prisoner Litigation Reform Act.
(PLRA) After acknowledging this fact, this court continued with
the Method required to submit a certified copy of a resident
account statement for the entire six-month period, the same
method used under the **PLRA** standards used in the DOC.


**Third,** Plaintiff moves this court to produce this Federal Rule
and Civil Procedure that **requires** an **●§980** Patient" to submit   a
certified copy of his resident account statement for the
six-month period is no different than the **PLRA,** after being told
by Sand Ridge Secure Treatment Center staff that we as patients'
do not have to submit such documents. It appears that even at
this "Treatment Center" our constitutional rights is under
attack even when laws does not apply to us.


1.

EXH-B

Enclosed in this letter to the court is a certified copy of my resident account statement for six-months as **ORDERED BY THE COURT** to **bb** screened by this court in spite of of the PLRA.

In my nine (9) months here at Sand Ridge Secure Treatment Center (SRSTC), this plaintiff notice that he has to endure the pain that comes from the "stigma"of being in a place that is labeled a "sex offender treatment center", and as such we are being "prejudged"and taken adventage of based on it.Being          the recipience of such hate and discrimination of this "stigma" since I been here at SRSTC, will not be tolerated.

Please prcvide me with the correct **Fed. R. Civl. Procedure** that $980 patient's must also provide account statements as the DOC inmates under the PLRA.

Thank you very much,

Sincerely,

Larry J. Brown

cc

2.

EXHIBIT- C

Larry J. Brown  #100628
Sand Ridge Secure Treatment Center
1111 North Road/P.O. Box 800
Mauston, Wisconsin 53948-0800


Judge Peter Oppeneer
Magistrate Judge
Western District of Wisconsin
120 North Henry Street, Room #320
Madison, Wisconsin    53703

April 24, 2020

**Re:** Brown V. Bellile
      Case No. 20-CV-337

Dear Judge Oppeneer:
This letter is to clarify your two court orders dated April    9,
2020 and April 22, 2020 that I am a Prisoner from the context of
your Orders. I am not a Prisoner Your Honor.


I do not have $24.95 to pay the partial   filing   fee   the   court
asked for in its orders. Plaintiff show cause by saying    he    no
longer have the support he had when he first got to SRSTC, and he
has a choice to continue to live the best way he can while at
this facility at $14.15 every two weeks, or send it to the court,
and due to the cost of living here at SRSTC, where everything
must be paid for, plaintiff need all the money he can get, and do
not have any money to send the court. Having said that,
plaintiff is responsible here at this facility for his own well
being, from clothes, shoes, food, cable, etc., please remember, I
am no longer a "Prisoner". I do not want to be denied access to
the court just because I cannot afford to send this court $24.95.
Therefore, I ask for clarification as to how §980 Patients is
suppose choose between court fees and every day living at SRSTC
as if we are in society, but is not?


Upon the above date plaintiff received a second court order
saying if I do not send 24.95 to the court by May 15, 2020, that
my case will be dismissed, and no further action will be taken
until this money is before the court. And when I ask the court in
my April 15, 2020 letter to provide me with the Federal Rule and
Civil Procedure that allow the court to treat "§980 Patients" the
same as those inmates' in prison, in both court orders, this
provision was denied.

1.

EXH. C

Plaintiff moves this court to remember that he has been diagnosed with a "mental disorder"at this facility and also need counsel to help him in this very complicated case concerning his health, so I ask this court to respond to this letter and do not let his May 15, 2020 deadline expires before he is allowed an answer as to why he is being ask to pay a filing fee in the "§980 status" as a patient?

If the court has answers to these questions, please let me know so I can know what to do.


Thank you,


Sincerely,

Larry J. Brown


2.


cc:

EXHIBIT - D

Larry J. Brown  #100628
Sand Ridge Secure Treatment Center
1111 North Road/P.O. Box  800
Mauston, Wisconsin    53948-0800


Chief District Judge William M. Conley
United States District Court
Western District of Wisconsin
120 North Henry Street
Madison, Wisconsin    53704


April 27, 2020


Re: Larry Brown **v.** Doug Bellile, etal,.
    Case No. 20-CV-337-wmc, Western District


Subject: **Complaint against Magistrate Judge Peter Oppeneer
         Court Orders dated April 9, 2020 and
         April 22, 2020 in the middle of a
         "Pandemic".**

Dear Chief Judge Conley:
I am the Plaintiff in the above-entitled action and I am not a
"Prisoner" I am at the Sand Ridge Secure Treatment Center under
dual status of Chapter §51.61 DHS and Chapter §980 Wisconsin
Statutes, and have not been committed to SRSTC.


However, I filed a 53 page **42 U.S.C. §1983 Civil Rights Complaint**
against SRSTC staff. On April 9, 2020 I received a court order
from dated the same from Magistrate Judge Peter Oppeneer, and I
filed a motion to proceed for "NoNe-Prisoner"without  prepayment
of the filing fee, and I did not send a resident account
statement from October 9, 2019 to April 9, 2020, as this court
order falsely alleged. Although I am not a prisoner, Judge
Oppeneer said in this court order that "this court uses one
method for determining the indigent status of all
institutionalized persons,even those like plaintiff who are not
subject to the 1996 Prisoner Litigation Reform Act.

Using that method, ordered this "Patient" to produce a six month
resident account statement from October 9, 2019 to April 9, 2020
and if plaintiff fails to submit the required statement by April
30, 2020, he will assume that I wishes to withdraw this action
voluntarily. and will close the case without prejudice. (Court
Order dated April 9, 2020)

1.

EXH - D

On April 2**, 2020, Plaintiff wrote judge Oppeneer a 2 page page letter and asked him to clarify his orders because plaintiff is not a prisoner, and that I do not have money because at SRSTC the "Patients'" must pay for everything here as if we are on the streets. Plaintiff Brown did in fact send judge Oppeneer a certified copy of his resident account statement for six months and asked the court to provide him with the Federal Rule and Civil Procedure that allow "Patients" to be treated as if we are still in the DOC when we are under a Civil Commitment status, and please respond before my May 15, 2020 date because I do not want my case dismissed because I do not have money to give   to   the court, while at the same time trying to survive in this place.

Plaintiff moved judge Oppeneer to produce Civil Procedure that required :980 Patients  to send a certified copy of the trust fund account statement before his litigation is filed in court or dismissed if you have no money to pay.

Plaintiff then received another court order from judge Oppeneer dated April 22, 2020, qualified plaintiff for indigent status but still calculate plaintiff's initial partial filing fee to be $24.95 for this case to proceed, and that plaintiff must submit this amount on or before May 13, 2020 or   this   case   will   be dismissed.

NOTE: **Judge Conley, when I had someone to make over 500 copies of this lawsuit for the 8 defendants in this case, they had jobs and there were no "CORONAVIRUS_Covid 19!.** on this late date all my "supporter" have been layed off of work due to the "CORONAVIRUS COVID 19 PANDEMIC"and move you to waive the partial filing fee for this reason. I further move you to provide me with any Federal Rules and Civil Procedures that shows that §980 patients is to be treated the same under the PLRA. I do not want   my   case dismissed to a later date, I cannot afford it, and I should not be punished by the court for not having money before my case can proceed. I ask you to review this matter and let me know before May 13, 2020, the date judge Oppeneer gave me to send money to the court that I do not have.

And for the record, my resident account statements for six months showed that I had no money, ttand only showed what I have already spent since I been here at SRSTC. So, how did judge Oppeneer come up with 24.95? I do not understand. This is a medical lawsuit, my Health is at stake here and need to be handled right away.

Thank you Your Honor,

Larry J. Brown

**DEPARTMENT OF HEALTH SERVICES** STATE OF WISCONSIN
Division of Care and Treatment Services
F-25511 (01/2017)

PLUS COPIES

EXHIBIT-D

## DISBURSEMENT REQUEST

Completion of this form is voluntary. If not completed, a disbursement cannot be made. This information is retained in the Business Office.

Print all information requested except the signature.

| Name – Requestor | ID Number | Room Number | Date – Request |
|---|---|---|---|
| LARRY BROWN | 100628 | NC/204 | 4/15/2020 |

| Name – Payee (Pay to) | Name – Institution | Address – Payee |
|---|---|---|
| BUSINESS OFFICE | SRSTC | |

**Type of Request**

☐ Postage   ☐ Money Transmittal*   ☐ Mail Order Purchase   ☐ Books or Magazines
☑ Copies   ☐ Phone Deposit   ☐ Stores Order   ☑ Other* – Specify:

| *Reason for Request – Complete Only if Type Above is Starred (*) | Individual Items Requested | Amount |
|---|---|---|
| CERTIFIED COPY OF ACCOUNT STATEMENT CASE NO. 20-CU-337 BROWN V. BELLILE, | 1 - COPY | $ |
| | 24 pages × .30¢ = | $ 7.20 |
| | | $ |
| | | $ |

| SIGNATURE – Patient | Date Signed | Total Amount Requested |
|---|---|---|
| Larry Brown | 4/15/2020 | $ 7.20 |

| DECISION – To be Completed by Institution Staff Only | | | |
|---|---|---|---|
| Disbursement Approved By | Date 4-15-20 | Funding Source ☐ General Acct.   ☐ Segregated Acct. | Paid by Check No. |
| Disbursement Denied By | Date | Reason for Denial | Date Paid 4-17-20 |

EXH-D

# U.S. District Court

## Western District of Wisconsin

**Notice of Electronic Filing**

The following transaction was entered on 5/12/2020 at 12:44 PM CDT and filed on 5/12/2020
**Case Name:**      Brown, Larry v. Bellile, Doug et al
**Case Number:**    3:20-cv-00337-wmc
**Filer:**
**Document Number:** 11(No document attached)

**Docket Text:**
**\*\* TEXT ONLY ORDER \*\***
**On April 22,2020, I assessed plaintiff Larry J. Brown Jr. $24.95 as an initial partial payment of the $350 fee for filing this case. On May 8, 2020, the court received a payment from plaintiff in the amount of $10.00. The court accepts the $10.00 payment from plaintiff as an initial partial payment for filing this case. Signed by Magistrate Judge Peter A. Oppeneer on 5/12/2020. (jef), (ps)**


**3:20-cv-00337-wmc Notice has been electronically mailed to:**

Wisconsin Department of Justice_1983 actions    federalorderscl@doj.state.wi.us

**3:20-cv-00337-wmc Notice will be delivered by other means to::**

Larry J. Brown
Sand Ridge Secure Treatment Center
1111 North Rd
P.O. Box 800
Mauston, WI 53948-0700

*EXH – D*

## U.S. District Court

## Western District of Wisconsin

**Notice of Electronic Filing**

The following transaction was entered on 5/8/2020 at 2:39 PM CDT and filed on 5/8/2020
**Case Name:**        Brown, Larry v. Bellile, Doug et al
**Case Number:**      3:20-cv-00337-wmc
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Partial Filing fee received: $ 10.00, receipt number 34690036850. (jef),(ps)**


**3:20-cv-00337-wmc Notice has been electronically mailed to:**

Wisconsin Department of Justice_1983 actions     federalorderscl@doj.state.wi.us

**3:20-cv-00337-wmc Notice will be delivered by other means to::**

Larry J. Brown
Sand Ridge Secure Treatment Center
1111 North Rd
P.O. Box 800
Mauston, WI 53948-0700

# EXHIBIT-E

LARRY J. BROWN # 100628

GRAND RIDGE SECURE TREATMENT CENTER

P. O. BOX 800

MAUSTON, WISCONSIN   53948

JUDGE PETER OPPENEER, MAGISTRATE

WESTERN DISTRICT OF WISCONSIN

120 NORTH HENRY STREET, ROOM 320

MADISON, WISCONSIN   53703

AUGUST 4, 2020

RE: BROWN V. BELLILE, etal.,

CASE NO. 20-CV-00337

SUBJECT: KOLOCOTRONIS V. MORGAN, 247 F. 3d 726

DEAR JUDGE OPPENEER :

IN THIS PLAINTIFF LETTERS TO YOU DATED APRIL 15, 2020, APRIL 24, 2020, AND
APRIL 27, 2020, QUESTIONING YOUR AUTHORITY TO TREAT ME AS IF IAM A
PRISONER UNDER THE 1996 PRISONER LITIGATION REFORM ACT (PLRA) IN BOTH
OF YOUR COURT ORDERS DATED APRIL 9, 2020 AND APRIL 22, 2020, WHERE
YOU SUBJECTED ME (A MENTAL PATIENT) TO THE PLRA STANDARDS OF FILING FEES,
INMATE ACCOUNT STATEMENT, THREE STRIKES RULE ETC.

IN KOLOCOTRONIS V. MORGAN, 247 F. 3d 726, THE COURT HELD: " INMATE AT
MENTAL INSTITUTION, WHO WAS BEING HELD PURSUANT TO FINDING THAT HE WAS NOT

(a)        EXHIBIT-E

GUILTY BY REASON OF INSANITY, WAS NOT PRISONER WITHIN MEANING OF PRISON LITIGATION REFORM ACT, SUBJECTING HIM TO INMATE-Accounting PROCEDURES OR THREE STRIKES RULE; RATHER HE WAS MENTAL PATIENT." FED. R. SERV. 3d (CALLAGHAN) 3 (8th CIR. 2001)..... THE SAME COURT FURTHER HELD "PLAINTIFF IS A MENTAL PATIENT, NOT A CONVICT, ACCORDINGLY, THE ASSESSMENT OF FILING FEES... INMATE ACCOUNT ALL NEEDED TO BE RECONSIDERED".

AS IS THE CASE AT BAR, PLAINTIFF BROWN IS ALSO BEING TREATED LIKE A PRISONER, AS MENTIONED IN THESE LETTERS TO THIS COURT, ASKING FOR THE COURT FOR GUIDANCE BECAUSE IAM A "PATIENT" NOT A "PRISONER", AND YET YOU IGNORED ME. IAM A CIVIL DETAINEE, WHICH SIMPLY DOES NOT FALL UNDER 28 U.S.C.S. § 1915; DEFINITION OF "PRISONER", BY WHICH STATUTE MEANS INCARCERATED FOR VIOLATIONS OF CRIMINAL LAW OR TERMS AND CONDITIONS OF PAROLE, PROBATION, PRETRIAL RELEASE, OR DIVERSIONARY PROGRAM, AND CIVIL DETENTION IS BY DEFINITION NON-PUNITIVE. TROYILLE V. VENZ, 303 F. 3d 1256, 15 FLA. L. WEEKLY FED. C 950 (11th CIR, 2002).

YES, IAM READY TO PETITION THE 7th CIRCUIT ABOUT THIS MAGISTRATE MISCONDUCT, NOT ONLY BECAUSE IAM BEING TREATED "INTENTIONALLY" LIKE A "PRISONER", BUT IAM ALSO BEING RETALIATED AGAINST BY THIS JUDGE BY WITHHOLDING THIS "MEDICAL NEED" CASE FROM SCREENING BECAUSE OF MY LETTERS (WHICH THE 7th CIRCUIT COURT OF APPEALS WILL RECEIVE COPIES) TO THIS COURT. FURTHERMORE, IAM REQUESTING A JUDGE IN THIS CASE, NOT A MAGISTRATE. PLAINTIFF NEXT MOTION WILL BE TO THE COURT OF APPEALS IN CHICAGO. PLEASE RECONSIDER YOUR LAST 2 COURT ORDERS, RETURN FEES, SCREEN CASE, AND SERVE THE DEFENDANTS, AND APPOINT JUDGE.

Larry J. Brown

CC:
LARRY J. BROWN
P.O. BOX 800
MADISON, WI 53948

*EXHIBIT—F*

# Office of the Clerk
## United States District Court Western District of Wisconsin

120 North Henry Street, Room 320  •  Madison, WI 53703
(608) 264-5156  •  www.wiwd.uscourts.gov

August 17, 2020

Larry J. Brown, #100628
Sand Ridge Secure Treatment Center
P.O. Box 800
Mauston, WI 53948

Re: 20-cv-337-wmc, *Brown, Larry v. Bellile, Doug et al*

Dear Mr. Brown:

This will acknowledge your letter on August 7, 2020, in which you request to know Magistrate Judge Peter Oppeneer's authority to use the mechanism described in 28 U.S.C. § 1915 to treat you as a prisoner, because you are not a patient and not a prisoner at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin. You state that because you are a patient and not a prisoner, you are not subject to the 1996 Prison Litigation Reform Act.

The court is aware that you are not a prisoner. However, it is this court's practice to use the mechanism in 28 U.S.C. § 1915 to determine indigency status. You should be aware, however, that although the court is not collecting the remainder of the fee as outlined in the statute, like any litigant who is determined indigent, you remain obligated to pay the remainder of the filing fee.

In response to your request for authority, please find enclosed an order citing to authority in a previous case in this court where the filer was a patient.

By:___/s/_____
Deputy Clerk

enc.

*EXHIBIT - F*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL S. ZIEGLER,

<table>
<tr><td></td><td></td></tr>
<tr><td>Plaintiff,</td><td>ORDER</td></tr>
<tr><td>v.</td><td>13-cv-410-wmc</td></tr>
</table>

DEBORAH McCULLOCH, DR. JAMES LOVAS,
GRETCHEN AZARIAN and CINDY SELTZNER,

Defendants.

---

Plaintiff Michael Ziegler has filed a proposed civil action under 42 U.S.C. § 1983, concerning the conditions of his confinement at the Sand Ridge Secure Treatment Center, where he is in custody pursuant to Wis. Stat. ch. 980. On June 12, 2013, the court entered an order directing plaintiff to submit a certified copy of his six-month resident account statement so that the court can calculate what amount of money, if any, plaintiff would have to prepay towards the filing fee.[1] The court explained that a resident account statement was required because his eligibility for indigent status would be determined using the same formula established by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b).

Plaintiff has now filed a motion for reconsideration, objecting to the payment of any portion of the filing fee. Because plaintiff seeks relief from a court order, his motion is construed as a request to alter or amend the judgment under Fed. R. Civ. P. 59(e). To prevail on a motion under Rule 59(e), the moving party must identify an error of law that merits reconsideration of the judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Plaintiff does not meet that burden here.

---

[1] With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), in which case the fee is $350.

Plaintiff argues that he is not required to submit a resident trust account statement or pay any portion of the filing fee because he is not a "prisoner" as defined by the PLRA. It is true that civilly committed sex offenders are not treated as prisoners under the PLRA. *See West v. Macht*, 986 F. Supp. 1141, 1143 (W.D. Wis. 1997). Nevertheless, Plaintiff's arguments are foreclosed by precedent from the Seventh Circuit, which has approved the court's application of the PLRA formula to actions and appeals filed by *pro se* litigants. *See Longbehn v. United States*, 169 F.3d 1082, 183-84 (7th Cir. 1999). In that respect, the federal *in forma pauperis* statute does not permit a court to entirely waive a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without prepaying some or all of the filing fee. Plaintiff does not show that he is exempt from this inquiry or that he is entitled to relief under Fed. R. Civ. P. 59(e). Therefore, plaintiff's motion for reconsideration will be denied.

## ORDER

IT IS ORDERED that plaintiff Michael Ziegler's motion for reconsideration (Dkt. #5) is DENIED. For this case to proceed, plaintiff must either pay a filing fee of $400 or submit a resident account statement for the six-month period preceding his complaint. Plaintiff must comply no later than July 8, 2013. If he does not, his case will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a).

Entered this 24th day of June, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge

EXHIBIT - G

" NO RESPONSE "

LARRY J. BADWN # 100628

SANDRIDGE SECURE TREATMENT CENTER

P.D. BOX 800

MAUSTON, WISCONSIN 53948

JUDGE PETER OPPENEER,

WESTERN DISTRICT OF WISCONSIN

120 NORTH HENRY STREET, ROOM 320

MADISON, WISCONSIN 53703

AUGUST 20, 2020

RE: LARRY BADWN V. DOUG BELLILE, etal.,

CASE NO. 20-CV-00337

DEAR JUDGE OPPENEER:

BECAUSE I RECEIVED A LETTER FROM THE CLERK OFFICE DATED AUGUST 17, 2020 ALONG WITH WHAT YOU CONSIDERED TO BE AUTHORITY BASED SIMPLY ON THE FILER WAS A PATIENT. WHAT YOU FAILED TO MENTION IS THAT, THE AUTHORITY YOU CITED IN LONGBEHN V. UNITED STATES, 169 F. 3d 1082, 183-84 (7th CIR. 1999) DOES NOT GIVE YOU NOR THE CLERK OF COURT AUTHORITY TO TREAT PATIENTS UNDER § 980 STATUTE AS PRISONERS. THE ABOVE CASE IS TALKS ABOUT "PRISONERS" NOT "PATIENTS".

BECAUSE THE CLEAK REFUSED TO IDENTIFY THEMSELVES IN THEIR AUGUST 17, 2020 LETTER, THIS PLAINTIFF DECIDED TO DIRECT HIS LETTER TO THE COURT FOR ANSWERS. I SIMPLY ASK FOR THE COURT TO SCREEN THIS CASE AND SERVE THE DEFENDANTS, UNLESS THE COURT CONSIDER THIS CASE FRIVOLOUS. Id. MY HEALTH IS AT ISSUE AND MOVE THIS COURT

2

EXH-G

IN A MORE EXPEDITIOUS MANNER. (SCREENING AND SERVICE) THIS IS IGNORED AND NO URGENCY IN THIS MEDICAL CASE SEEMS NOT TO BE APART OF THIS COURT CONSIDERATION AND DECISIONS. THIS IS TROUBLING AND AT THE SAME TIME, FATAL IN A PRO SE LITIGATION.

WHEREFORE, I MOVE THIS COURT FOR THE LAST TIME FOR AN ORDER TO HAVE THIS COURT SCREEN THIS CASE AND HAVE THE DEFENDANTS SERVED, INSPITE OF THE PLRA CONFLICT. FURTHERMORE, THE COURT SHOULD REFRAIN FROM THESE TYPE OF CONSPIRACY THEORIES THAT BECAUSE MR. ZIEGLER, IS A PARTIE HERE AT SRSTC, LONGBEHN V. UNITED STATES, 169 F.3d 1082, 183-84 (7th CIR 1999) GIVES YOU THE AUTHORITY TO TREAT HIM HOW YOU WILL, USING THE PLRA FORMULA, WHEN IN FACT THIS CASE SAID MR. ZIEGLER WAS REFERRED TO AS A "PRISONER" NOT A "PATIENT". KOLOCOTRONIS V. MORGAN, 247 F. 3d 726 HAVE NOT BEEN OVER-RULED YOUR HONOR.

AND DUE TO MY DIAGNOSIS OF "ANTISOCIAL PERSONALITY DISORDER" BY DHS, COUNSEL IN THIS CASE IS NECESSARY FOR A FAIR AND JUST IN THIS CASE, AND THEREFORE, I MOVE YOUR HONOR TO ORDER SUCH WITHOUT REFERRING TO THE PLRA FORMULA.

REQUESTED RESPECTFULLY,

Larry J. Brown

LARRY J. BROWN

cc:

LARRY J, BROWN  #100628
SANDRIDGE SECURE TREATMENT CENTER
P.O. BOX 800
MAUSTON, WISCONSIN 53948

Hasler
09/08/2020
US POSTAGE $001.80⁰
FIRST CLASS MAIL
ZIP 53948
011E11678688

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
U.S. COURTHOUSE, ROOM 2722
219 S. DEARBORN STREET
CHICAGO, IL 60604-1702

# United States Court of Appeals
For the Seventh Circuit
Office of the Clerk
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604
312-435-5850



September 14, 2020

Dear Clerk,

The U.S. Court of Appeals received this document.

We are forwarding it to the Western District of Wisconsin for your consideration. If you have already received this document then please disregard this letter.

Sincerely,

Pro Se Clerk #1

OFFICE OF THE CLERK
United States Court of Appeals
for the Seventh Circuit
219 S. DEARBORN STREET
CHICAGO, ILLINOIS 60604-1874

OFFICIAL BUSINESS

SCANNED

UNITED STATES DISTRICT COURT
120 N. Henry St., Rm. 320
Madison, WI 53703



02 1P
0000086189
MAILED FROM ZIP CODE 60604
UNITED STATES POSTAGE
PITNEY BOWES
$ 002.000
SEP 14 2020