IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY J. BROWN,

                Plaintiff,                OPINION AND ORDER

v.

                                         20-cv-337-wmc

DOUG BELLILE, DANIEL KATTENBRAKER,
JOHN AND JANE DOE "SPECIAL NEEDS
COMMITTEE MEMBERS," LAURA THOMAS,
LISA POUILLIE, SARA DONOVAN,
JOSEPH SCHMELZLE, and DANIEL PARK,

                Defendants.

*Pro se* plaintiff Larry J. Brown is proceeding under 42 U.S.C. § 1983 and the Fourteenth Amendment against certain Sand Ridge Secure Treatment Center staff members on medical deliberate indifference claims related to an alleged skin condition, ongoing trouble swallowing, and esophageal pain. In this order, the court will address Brown's motion requesting leave to pursue an interlocutory appeal under 28 U.S.C. § 1292(b) with respect to several orders and a related letter. (Dkt. ##58, #59.) For the following reasons, that motion will be denied.

To begin, the court understands plaintiff to be asking that the court certify an interlocutory appeal from its December 3, 2020, screening order, and from orders entered on February 12 and May 6, 2021, as well as from Magistrate Judge Crocker's April 27, 2021, text-only order granting defendants a 30-day extension to respond to plaintiff's

second motion to compel discovery.[1] To proceed with an interlocutory appeal, plaintiff would need to be appealing an "apparent controlling question of law as to which there is substantial ground for difference of opinion," so that "an immediate appeal" could "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Beginning with the text-only order, plaintiff contends that the grant of a short extension of time to defendants to file a response because of defense counsel's out-of-state family emergency was unjustified given plaintiff's ongoing health issues and the related need to quickly resolve this case. First, whether there was good cause to grant this short extension plainly does not raise a controlling question of law, nor would an appeal *after* defendants have already filed their response (dkt. #56) materially advance the resolution of this case. Not only is plaintiff's objection now moot, the extension was granted based on good cause.

Nor did the extension cause a pause or otherwise impede the court's consideration of plaintiff's motions already under advisement at that time, including his renewed request for injunctive relief based on his health issues (dkt. #27), his March 15, 2021, motion for counsel (dkt. #35), and his first discovery motion (dkt. #39). Indeed, the court was well aware of plaintiff's concerns regarding the extension and his allegations that he was

---

[1] Plaintiff also references a February 18, 2021, court order in the first paragraph of his motion, but the court did not enter an order in this matter on that date. The court did enter a preliminary pretrial conference order on February 19 that provides guidance on conducting discovery and sets deadlines, but does not rule on any motions or otherwise resolve any disputes between the parties. (Dkt. #30.) Regardless, as plaintiff does not reference either the pretrial conference order *or* a February 18 order again, the court assumes the inclusion of this date is a scrivener's error and will disregard it.

suffering a medical emergency (dkt. #47), and responded by quickly setting the matter of injunctive relief for a video hearing. That hearing was canceled only after the court had satisfied itself that plaintiff was not facing imminent, irreparable harm.

As for the court's February 12 and May 6 orders, plaintiff challenges the court's repeated denial of his requests for counsel and its resolution of a discovery dispute.[2] Even setting aside that plaintiff's numerous submissions to date show that he continues to advocate well for himself despite his claimed mental health and other challenges, whether the court should grant plaintiff's request for assistance in recruiting counsel is also not an area of law with substantial differences of opinion. That is why the court previously declined to certify an interlocutory appeal from its February 12 denial of plaintiff's motion to help recruit counsel, and the court sees no reason to change course now. (Dkt. #29 at 8-9.)

Similarly, the court will not certify an appeal from its May 6 resolution of a minor discovery dispute. "[D]iscovery orders, being interlocutory, generally are not appealable in the federal court system," *Am. Bank v. City of Menasha*, 627 F.3d 261, 264 (7th Cir. 2010), and for good reason, they are only subject to deferential review of the district court's discretion and are almost always affirmed by the court of appeals. *Reise v. Bd. of Regents of Univ. of Wis. Sys.*, 957 F.2d 293, 295 (7th Cir. 1992). Here, the court declined to sanction

---

[2] In its February 12 order, the court denied without prejudice plaintiff's second request for assistance in recruiting counsel and ordered defendants to submit certain medical records in response to plaintiff's renewed request for injunctive relief. (Dkt. #29 at 9.) Then, on May 6, the court (1) set a hearing on plaintiff's renewed motion for injunctive relief based on his assertions in a letter received on May 3, (2) denied what the court construed as plaintiff's motion to compel discovery and for sanctions, and (3) denied without prejudice plaintiff's third motion for assistance in recruiting counsel. (Dkt. #48 at 16-17.)

defense counsel after he realized that some discovery responses were being held up at the post office due to insufficient postage, apologized for the error, and rendered unnecessary an order to compel by sending plaintiff another copy of the responses. (*See* dkt. #47 at 1 n. 1.) Nor, again, is there any showing of prejudice to plaintiff by the delay in his receipt of these responses. To the extent plaintiff is concerned about being able to file an amended complaint identifying his Doe defendants, the court has explained that it will extend that deadline if necessary, once it has resolved plaintiff's April 12, 2021, discovery motion. (Dkt. #53 at 7.) Thus, this is not one of the rare types of orders that would justify an exception to the rule against interlocutory appeals. *See Am. Bank*, 627 F.3d at 264 (generally discussing the collateral-order doctrine and grants of mandamus).[3]

Finally, plaintiff would appeal from the court's December 3 screening order, but fails to show that this order involves an apparent, controlling question of law on which there is substantial ground for differing opinion. Rather, plaintiff's arguments for appealing from this order focuses on why, on the facts as alleged, defendants have violated his constitutional rights, and how the court has allegedly prejudged the merits of his claims. (Dkt. #58 at 1-2.) As to plaintiff's assertion that the court is ignoring his claims of April 2021 retaliatory conduct reports (*see* dkt. #49-3), those allegations are not part of the complaint, and he is not currently allowed to proceed on a retaliation claim against *any* defendant (dkt. #21 at 19). Moreover, the court has explained that plaintiff may file an

---

[3] Although plaintiff faults the court for not compelling defendants to identify certain Doe special needs committee members or removing "false information" from defendants' discovery responses (dkt. #58 at 4), plaintiff's latest discovery motion objecting to those responses (dkt. #42) is not even under advisement yet. As a result, the court has neither denied the motion nor disregarded the dispute as plaintiff asserts. (Dkt. #58 at 2, 4.)

4

amended complaint if he has a factual basis to raise such claims, which the court will then screen. (Dkt. #53 at 4.)

At bottom, and most relevant here, an attempt at an interlocutory appeal from any of these orders will only delay resolution of this case. Accordingly, the court will not certify an interlocutory appeal under § 1292(b) from its December 3, February 12, and May 6 orders, or from the April 27, 2021, text-only order.

As an side, in a letter received on June 7, 2021, plaintiff also indicated that he also disagrees with the court's May 25, 2021, ruling denying his request for injunctive relief, and plans to prepare and file an appeal. (Dkt. #59 at 3.) To that end, there is a statutory exception under 28 U.S.C. § 1292(a)(1) permitting interlocutory appeals of orders that grant or deny an injunction without permission of this court, and it is certainly up to plaintiff alone if he wants to avail himself of that right.

Having said that, the court understands plaintiff is upset by its rulings, and that his latest letter complains of a "lack of understanding" between the court and him. (Dkt. #59 at 1.) The court has reviewed all of the parties' submissions as they were received, including voluminous medical records, and will continue to do its best to address plaintiff's concerns timely. Even so, the court cannot respond individually to each letter or non-motion plaintiff files, which at times appear to be more a means for plaintiff to vent his frustrations than seeking specific relief. (*E.g.*, dkt. #59.) As he must surely understand, plaintiff is far from the only *pro se* plaintiff seeking this court's intervention, some with far more pressing need for review. Rather than file letters and motions scattershot, which are likely to confuse the issues capable of resolution by the court, as an experienced litigant in this

court, plaintiff would do far better by keeping his focus on the *specific* relief he wants under the applicable legal standard in a formal motion plainly labeled as such.

## ORDER

IT IS ORDERED that plaintiff Larry J. Brown's motion to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (dkt. #58) is DENIED.

Entered this 17th day of June, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge