IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY J. BROWN,

                            Plaintiff,                    OPINION AND ORDER

        v.                                               20-cv-337-wmc

DOUG BELLILE, DANIEL KATTENBRAKER,
LAURA THOMAS, LISA POUILLIE,
SARA DONOVAN, JOSEPH SCHMELZLE,
and DANIEL PARK,

                            Defendants.

        Pro se plaintiff Larry J. Brown is proceeding under 42 U.S.C. § 1983 against several

Sand Ridge Secure Treatment Center staff members on Fourteenth Amendment medical

deliberate indifference claims related to an alleged skin condition and to ongoing trouble

swallowing and esophageal pain.  Defendants have filed a motion for summary judgment.

(Dkt. #66.)  Instead of an opposition brief, Brown filed a motion to deny summary

judgment (dkt. #74), indicating that he has been unable to complete some discovery.

Brown also filed a related letter (dkt. #73) challenging the magistrate judge's October 14,

2021, order denying in part and granting in part plaintiff's motion to compel (dkt. #63)

and asking to stay the case.  In both submissions, plaintiff renews his request for assistance

with recruitment of counsel.  For the following reasons, the court will deny plaintiff's

requested relief.  To alleviate plaintiff's concerns about discovery, however, the court will

briefly extend the discovery cutoff and his response deadline, adjourn the remaining case

deadlines, and set this matter for a telephonic status and scheduling conference.  If Brown

again fails to file a response, his claims will be subject to dismissal for failure to prosecute.

## OPINION

To start, the court notes that plaintiff has made repeated requests for counsel throughout this case, and the court has denied those requests. (*See* dkt. ##14, 22, 23, 29, 35, 47, 48.) He is thus well aware that while the court can help *pro se* litigants find a lawyer to represent them, *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007), a party who wants the court's help must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). First, plaintiff must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him. As noted in the court's May 6, 2021, order, plaintiff has satisfied these requirements. (Dkt. #48 at 14.)

However, the court again concludes that plaintiff still has not shown that this is one of the relatively few cases in which the legal and factual difficulties exceed his demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654-55. Again, as plaintiff well knows, the "question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff," but instead whether the *pro se* plaintiff can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Here, plaintiff's obligation is to oppose defendants' motion for summary judgment using this court's summary judgment procedures, which involves responding to defendants' proposed findings of fact by citing to admissible evidence, and submitting an opposition brief. To that end, it is plaintiff who has personal knowledge of his medical condition and treatment, and throughout this litigation, plaintiff has submitted many motions and letters that have all been readable, articulate, and reflect an understanding of the factual bases of his claims as well as the applicable legal standards. He has also demonstrated a related ability to gather, sort and marshal evidence in selecting

exhibits in support of his complaint, and requests for counsel, injunctive relief, and leave to pursue an interlocutory appeal.  Plaintiff's latest submissions cast no doubt on his ability to continue to advocate for himself, including his ability to respond to defendants' summary judgment motion.

In support of his position, plaintiff contends that he has been unable to complete some discovery.  But plaintiff should be aware from the court's preliminary pretrial order that discovery currently remains open in this matter through April 1, 2022, and the court will briefly extend that deadline, so plaintiff can still serve discovery requests.  (Dkt. #30.) Even so, plaintiff will need to act quickly.  Under the Federal Rules, a party generally has 30 days in which to respond to interrogatories, requests for productions of documents, and requests for admissions, which are the methods commonly used by *pro se* litigants to obtain discovery.  *See* Fed. R. Civ. P. 33, 34, 36.  Plaintiff will need to serve any discovery requests on defendants promptly if he wants their responses before filing his response to their summary judgment motion.

As for the magistrate judge's discovery rulings, plaintiff gives no reason to revisit them, nor are they a reason for recruiting counsel at this time.  Indeed, even though plaintiff has defendants' summary judgment motion and supporting materials, plaintiff does not specify what information he still needs to obtain to oppose defendants' arguments, or establish why only a lawyer can accomplish the task.  Rather, plaintiff generally objects to the denial of his motion to depose defendants.  Plaintiff acknowledges the magistrate's point that neither he nor the court have the funds to pay for the costs, as required under Federal Rule of Civil Procedure 30(b)(3).  However, plaintiff argues that

3

written discovery is generally insufficient "in a case alleging First Amendment retaliation" because defense counsel typically prepares answers to discovery requests.[1]   (Dkt. #73 at 1.)   To the extent plaintiff suggests written answers are incomplete or misleading, the information comes from defendants, and misconduct in litigation risks sanctions, including dismissal.   *See Patrick v. City of Chi.*, 974 F.3d 824, 831 (7th Cir. 2020) ("A district judge has broad discretion to sanction a party or his counsel for litigation conduct").   Litigants can file a motion to compel if the opposing party is not responding appropriately to discovery requests, which plaintiff has done in this case with partial success.   Plaintiff has therefore not established that he needs a lawyer to depose defendants because there is no other way to get whatever unspecified information he thinks he still needs to oppose defendants' motion.

Plaintiff also takes issue with certain workgroup notes defendants produced in response to a production request.   By way of background, plaintiff sought all documents related to the Sand Ridge medical special needs workgroup's consideration of plaintiff's health services requests ("HSR") for certain accommodations.   After plaintiff objected to the sufficiency of defendants' initial responses, defendants supplemented, producing all responses related to plaintiff's relevant HSRs and 22 pages of workgroup meeting notes indicating when the group considered each of plaintiff's requests and why each request was approved or denied.   (Dkt. #56-2.)   The magistrate judge reasonably found no basis to

---

[1] Although plaintiff references retaliation, plaintiff is not proceeding in this case on a First Amendment retaliation claim -- he was allowed to proceed on Fourteenth Amendment deliberate indifference claims (dkt. #21 at 19), and never filed an amended complaint seeking to add new claims.   Plaintiff can look to the court's screening order for guidance on his claims and the applicable legal standard.

compel defendants to produce anything more given that plaintiff had not filed a reply or otherwise indicated that these supplemental materials were insufficiently responsive, and there was no reason to doubt defendants' assertion that they had produced all they had concerning plaintiff's production request.  (Dkt. #63 at 4.)

Now, plaintiff complains that the workgroup notes are heavily redacted, suggests that defendants may have redacted information about his HSRs, and asks the court to produce the copy defendant provided it in response to his motion to compel so that he can compare that copy to the copy he received from defendants.  To the extent plaintiff still wishes to compare versions, defendants certified that they mailed plaintiff a copy of their response to his motion and supporting documents, including the workgroup notes, via First-Class Mail on May 26, 2021.  (Dkt. #56-3.)  This submission reviewed by the court also remains publicly available on the docket for this case.  (Dkt. #56-2.)

As for the redactions, the magistrate judge noted that fact and there does not appear to be cause for concern.  The notes are presented in a table format and those notes that are visible appear in the same rows as plaintiff's name and concern his requests.  Presumably what is redacted is information concerning the requests of *other* patients discussed at the same meeting as a request from plaintiff, and thus information irrelevant to this case.  If defendants have inadvertently redacted information related to plaintiff's requests, the court expects that they would provide plaintiff with a revised copy of these notes.  While plaintiff may have hoped for greater detail in these notes, defendants cannot produce what does not exist.  Plaintiff thus offers no reason to revisit the magistrate judge's decision on this point or recruit a lawyer to do more.  Accordingly, plaintiff's request to

deny defendants summary judgment and recruit counsel will be denied.[2]

Although the court will deny plaintiff's requested relief, in recognition of plaintiff's *pro se* status, the court will adjourn the remaining deadlines in this case and extend his response deadline to April 19, 2022, with defendants' reply due April 29, 2022. The court will also briefly extend the discovery cutoff and set this matter for a status and scheduling conference as indicated below. Plaintiff should do his best in that additional time to craft a response to defendants' motion, keeping in mind that the primary questions are whether: (1) he suffered from an objectively serious medical condition; and (2) the state actor's response to it was objectively unreasonable. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). To that end, plaintiff can rely on his personal knowledge as well as his documentation of his medical condition and treatment, and defendants' reasons for denying certain requested accommodations. If, upon reviewing the parties' summary judgment materials, the court becomes convinced that plaintiff is unable to continue litigating this case, it will *sua sponte* revisit his request for counsel. However, if plaintiff again fails to respond to defendants' motion by the new response deadline, which the court does not anticipate extending again, his claims will be subject to dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

---

[2] In his latest filings, plaintiff suggests that he has additional motions pending in this matter. However, the Court of Appeals denied plaintiff's petition for leave to appeal on July 19, 2021 (dkt. #62) and the magistrate judge resolved plaintiff's remaining discovery motions in the October 14, 2021, order (dkt. #63). Other than plaintiff's two submissions that the court resolves in this order, and defendants' pending motion for summary judgment, there are no other pending motions in this case.

ORDER

IT IS ORDERED that:

1) Plaintiff Larry J. Brown's motion to deny defendant's motion for summary judgment and his renewed requests for counsel (dkt. ##73, 74) are DENIED.

2) Plaintiff's deadline to respond to defendants' motion for summary judgment is reset to April 19, 2022, with defendants' reply due April 29, 2022. The discovery cutoff is extended to May 2, 2022. All remaining case deadlines are STRICKEN.

3) The court will hold a telephonic status and scheduling conference on June 17, 2022, at 10:30 a.m. Defendants are responsible for coordinating the call to Chambers at 608-264-5087.

Entered this 18th day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge