IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY J. BROWN,

                Plaintiff,

v.

DOUG BELLILE, DANIEL
KATTENBRAKER, LAURA THOMAS,
LISA POUILLIE, SARA DONOVAN,
JOSEPH SCHMELZLE, and DANIEL PARK,

                Defendants.

ORDER

20-cv-337-wmc

    *Pro se* plaintiff Larry J. Brown is proceeding under 42 U.S.C. § 1983 against several Sand Ridge Secure Treatment Center staff members on Fourteenth Amendment inadequate medical treatment claims related to an alleged skin condition and to ongoing trouble swallowing and post-surgical esophageal pain. Defendants have filed a motion for summary judgment. (Dkt. #66.) Instead of an opposition brief, Brown filed a motion (dkt. #74) and a related letter (dkt. #73) renewing his request for assistance with recruitment of counsel. The court denied these requests in a February 18, 2022, order, but extended Brown's response deadline to April 19, 2022, and struck all remaining case deadlines. (Dkt. #76.) The court warned Brown that failure to respond to defendants' motion by his new deadline would result in dismissal of this case for failure to prosecute under Federal Rule of Civil Procedure 41(b). (*Id.* at 6.)

    Brown filed another letter requesting counsel a mere ten days later, contending that he cannot prepare a response or discovery requests while law library access at Sand Ridge remains limited due to Covid-19 protocols. (Dkt. #77.) Brown does not explain

specifically what library resources he needs to craft his response, but generally asserts that only five patients are allowed in the library at one time, and only for at most 45 minutes, twice a week. (*Id.* at 1.) Moreover, Brown adds that Sand Ridge does not give priority access to patients with court deadlines, and asks the court to call the director about this policy. (*Id.* at 2.)

Even so, the court will not stay this matter to recruit counsel for Brown at this time. Plaintiff is well aware at this point that if he wants the court's help to find a lawyer to represent him, he must show that his is one of the relatively few cases in which the *legal* and *factual* difficulties exceed his demonstrated ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Because the court can recruit counsel for only a handful of *pro se* plaintiffs each year, it is *exceedingly* rare for the court to recruit counsel at any stage before trial as a general matter.

Throughout this case, plaintiff, an experienced litigator in this court, has proven himself a capable advocate by filing a detailed complaint and exhibits as well as responses, motions and supporting briefs, declarations, numerous letters, and two interlocutory appeals. He previously raised concerns about limited law library access in a prior request for counsel. (Dkt. #23 at 1.) The court explained in denying that request that plaintiff would have "several months" to complete litigation tasks before dispositive motions would be due. (Dkt. #29 at 7.) The court further advised plaintiff that he should also attempt to work with defendants' counsel to get the access he needs if, despite pursuing library access diligently, he came to believe he still could not meet a filing deadline, or request an extension. (*Id.*) Indeed, many *pro se* litigants have had limited law library access during

2

the Covid-19 pandemic, but "[t]hat is not a reason to recruit counsel, though it may provide good cause for allowing plaintiff additional time to comply with the court's filing deadlines." *Riley v. Waterman*, No. 20-cv-1252-pp, 2020 WL 6382640, at *5 (E.D. Wis. Oct. 30, 2020). It was in part out of this concern that the court most recently extended plaintiff's response deadline by two months. (Dkt. #76.) However, the timing of his latest request for counsel suggests that plaintiff made little attempt to take advantage of that additional time, or to work with defendants' counsel as previously advised, before deciding that the tasks at hand "just can't be done." (Dkt. #77 at 1).

Accordingly, the court will again deny without prejudice plaintiff's request for counsel. Although his current response deadline is now imminent, plaintiff may have one final, two-week extension to respond on the assumption that he has been waiting for the court's answer to his latest letter. Plaintiff will therefore need to act quickly, and would be well advised to focus on putting together and filing any response he can. To that end, he should be able to respond to defendants' proposed findings of fact and submit his own at least, even with limited law library access, because it is plaintiff who has personal knowledge and documentation of his medical condition and treatment, and the disciplinary proceeding against him, and may limit any briefing to addressing defendants' qualified immunity argument. (*See* dkt. #67 at 18.) Indeed, at this stage, plaintiff does not need to prove his case -- he needs to show that there is a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(a). If, upon reviewing the parties' summary judgment materials, the court becomes convinced that plaintiff is unable to continue litigating this case, it will *sua sponte* revisit his request for counsel or request additional information from the parties.

Absent exceptional good cause, if plaintiff again fails to respond to defendants' motion by the deadline indicated below, this case will be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1) Plaintiff Larry J. Brown's renewed request for counsel (dkt. #77) is DENIED.

2) Plaintiff's deadline to respond to defendants' motion for summary judgment is reset to May 3, 2022, with defendants' reply due May 13, 2022.

Entered this 18th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge