IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY J. BROWN,

                Plaintiff,

v.

DOUG BELLILE, DANIEL KATTENBRAKER, LAURA THOMAS, LISA POUILLIE, SARA DONOVAN, JOSEPH SCHMELZLE, and DANIEL PARK,

                Defendants.

ORDER

20-cv-337-wmc

*Pro se* plaintiff Larry J. Brown is proceeding under 42 U.S.C. § 1983 against several Sand Ridge Secure Treatment Center staff members on Fourteenth Amendment inadequate medical treatment claims related to an alleged skin condition and to ongoing trouble swallowing and post-surgical esophageal pain. Defendants filed their motion for summary judgment on October 29, 2021. (Dkt. #66.) Instead of an opposition brief, Brown has filed repeated requests for the court's assistance with recruiting him a lawyer. (Dkt. ##73, 74, 76, 79.) Brown asserts in these letters and motions that he was unable to complete some discovery, wanted to depose defendants, had concerns about how some notes were redacted, and that Sand Ridge offers only limited law library access without priority access for patients with court deadlines. Although the court denied his requests, the court has provided Brown other relief by extending his response deadline and the discovery cutoff, striking all remaining case deadlines, and limiting his litigation tasks. (Dkt. ##76 at 7, 78 at 3.) The court has also repeatedly warned Brown that failure to respond to defendants' motion will result in dismissal of this case for failure to prosecute.

(Dkt. ##76, 78.)

Most recently, in its April 18, 2022, denying Brown's renewed request for counsel, the court reset Brown's deadline to May 3, 2022, and limited his briefing. (Dkt. #78 at 3-4.) Even so, Brown has filed yet another letter requesting counsel, reiterating that he has limited law library access regardless of court deadlines, and generally asserting for the first time that he does not know how to file a response. (Dkt. #79 at 1.) As for law library access, the court addressed this issue in its April 18, 2022, order, and Brown gives no reason to reconsider that reasoning. (Dkt. #78.) Moreover, Brown was sent a copy of the court's *pro se* summary judgment procedures along with the pretrial conference order (dkt. #30), and does not explain specifically what he does not understand. Accordingly, Brown's latest request for counsel will be denied. However, in the hopes of Brown finally filing a response to defendants' motion, the court will further limit his litigation tasks and allow him 14 days to respond under penalty of perjury to defendants' proposed findings of fact. (Dkt. #68.) **This is Brown's final opportunity, absent extraordinary good cause, to respond and proceed with this lawsuit. If Brown fails to complete this task by the deadline indicated below, this lawsuit will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) without further notice to him.**

ORDER

IT IS ORDERED that:

1) Plaintiff Larry J. Brown's renewed request for assistance with recruitment of counsel (dkt. #79) is DENIED.

2) Plaintiff's deadline to respond to defendants' motion for summary judgment consistent with this order is reset to May 23, 2022, with defendants' reply due June 2, 2022.

Entered this 9th day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge